```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION


MAE E. COOPER,

       Plaintiff,

v.                               Case No: 8:12-cv-1041-T-33EAJ

COMMUNITY HAVEN FOR ADULTS &
CHILDREN WITH DISABILITIES,

       Defendant.
_____/
```

### ORDER

This matter comes before the Court pursuant to Defendant Community Haven for Adults & Children with Disabilities' Motion for a More Definite Statement (Doc. # 4), filed on May 10, 2012, Defendant's Motion to Set Aside Entry of Default (Doc. # 6), filed on May 17, 2012, and Defendant's Motion to Strike Plaintiff's "Request for Admission" (Doc. # 7), filed on May 17, 2012.  Plaintiff filed a response to each of the motions on June 13, 2012. (Doc. # 11).  For the reasons that follow, the Court grants the motions.

### I.  Factual Background

Plaintiff Mae E. Cooper, pro se, initiated this action by filing a complaint in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, on April 9, 2012. (Doc. # 2).  Defendant was served with the complaint

on April 19, 2012. (Doc. # 1-2). In response to the complaint, on May 9, 2012, Defendant served its Motion for a More Definite Statement on Plaintiff by mail, but did not file the Motion with the court. (Doc. # 4). On the following day, May 10, 2010, Plaintiff moved for and was granted a clerk's default based on Defendant's apparent failure to respond to the complaint within the time provided by the Florida Rules of Civil Procedure. (Doc. # 6-2).

Also on May 10, 2012, Defendant removed the case to this Court and re-filed its Motion for a More Definite Statement in response to the complaint. (Doc. ## 1, 4). On May 17, 2012, Defendant filed a Motion to Set Aside Entry of Default (Doc. # 6), as well as a Motion to Strike the Requests for Admissions that Plaintiff previously filed, but did not serve, in the state court case. (Doc. # 7). Plaintiff filed a response on June 13, 2012, in which Plaintiff merely states that she opposes each of the Motions. (Doc. # 11). Defendant's Motions are now before the Court.

**II.  Analysis**

    **A.  Motion to Set Aside Entry of Default**

Defendant requests the Court to set aside the default that was entered against it in the state court prior to the removal of the case to this Court. "[A]ssuming an error

-2-

occurred in the state court, a federal district court 'may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal.'" Salery v. United States, 373 F. App'x 29, 31 n.1 (11th Cir. 2010)(quoting Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1252 (11th Cir. 1988)). Accordingly, this Court has authority to review and set aside the default entered by the clerk of the state court prior to the case's removal.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). The Eleventh Circuit has made clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

Some of the factors that a court may consider in determining whether there is good cause shown for setting aside an entry of default include: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party has a meritorious defense. Boron v. W.

Tex. Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988), aff'd, 869 F.2d 1500 (11th Cir. 1989); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996).

Regarding the first factor, Defendant states that its conduct "was not culpable or willful" because Defendant did, in fact, comply with Florida Rule of Civil Procedure 1.140(a), which requires only that a response to the complaint be served (not filed) within 20 days after service of process. Because Defendant served its Motion for More Definite Statement by mail on the twentieth day after service of process, May 9, 2012, Defendant argues that it timely responded to Plaintiff's complaint such that default is not warranted.

Defendant further contends that, upon learning that the clerk's default had been entered, it acted immediately to vacate the default by contacting the state court clerk and by filing this Motion. Defendant argues that setting aside the default will not prejudice Plaintiff because little time has passed and no substantive motion practice or discovery have been conducted. Furthermore, Defendant asserts that it has meritorious defenses to the complaint.

The Court finds that Defendant has shown good cause for setting aside the clerk's entry of default, and thus grants

Defendant's Motion to Set Aside Entry of Default. The default entered against Defendant in this case by the clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida (Doc. # 6-2) is hereby set aside.

**B.    Motion for a More Definite Statement**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Where a complaint fails to sufficiently specify the allegations, the defendant's remedy is a more definite statement under Federal Rule 12(e). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002). Rule 12(e) provides for a more definite statement if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

Defendant asks the Court to require Plaintiff to provide a more definite statement of her claims pursuant to Federal Rule of Civil Procedure 12(e), because the complaint is so vague and ambiguous that Defendant cannot reasonably frame a responsive pleading. Defendant notes that the complaint's factual allegations appear to invoke the Fair Labor Standards Act (FLSA) and the Americans with Disabilities Act (ADA), yet the complaint does not allege any law, rule, or regulation

pursuant to which Plaintiff brings her claims. Furthermore, Defendant argues that the complaint does not allege the elements necessary to state a violation of either the FLSA or the ADA. Defendant also asserts that Plaintiff has failed to allege her claims as separate counts and has failed to specify the damages and relief she is seeking.

"Although pro se litigants are held to less stringent standards than those represented by counsel, they still must comply with the minimal pleading standards set forth in the Federal Rules of Civil Procedure." Williams v. U.S. Gen. Serv. Admin., No. 8:09-cv-2508-T-33AEP, 2010 WL 2612338, at *1 (M.D. Fla. June 25, 2010). Indeed, Plaintiff's pro se status does not exempt her from the requirements of the Local Rules and the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Review of the complaint reveals that Plaintiff has not conformed to the pleading requirements of Rule 8(a), Fed.R.Civ.P. The complaint is rambling and disorganized, does not state any law, regulation, or rule Defendant allegedly violated, does not number all paragraphs, does not specify the

-6-

facts pertinent to each claim, and does not allege what damages or relief Plaintiff seeks.

Accordingly, the Court grants Defendant's Motion for a More Definite Statement and orders Plaintiff to file an amended complaint on or before July 17, 2012, which: (1) specifies the law(s), rule(s) or regulation(s) that she alleges Defendant violated; (2) sets forth each of Plaintiff's claims in a separate count; (3) sets forth a short plain statement of facts as to each claim; and (4) sets forth a clear statement of the damages and relief sought for each claim. Furthermore, Plaintiff must state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

### C.  **Motion to Strike Request for Admission**

Finally, in an abundance of caution, Defendant seeks an order striking the discovery requests that Plaintiff filed in state court prior to removal, but never served on Defendant. Defendant argues that the requests are premature because they were filed prior to the parties' case management conference in violation of Local Rule 3.05, Middle District of Florida. Additionally, Defendant points out that, although styled as a "Request for Admission," the discovery requests are actually in the form of interrogatories because they "ask for

substantive information rather than a simple admission or denial." (Doc. # 7 at 3). Given this, Defendant contends that the requests should be stricken because it is unclear whether the rules governing interrogatories or the rules governing requests for admission apply to the requests.

"A party may not seek discovery from any source until after the parties have conducted a Case Management meeting and prepared a Case Management Report." <u>Lippy v. Metro. Cas. Ins. Co.</u>, No. 3:10-cv-727, 2010 WL 4007035, at *1 (M.D. Fla. Oct. 13, 2010); <u>see also</u> Local Rule 3.05(c), Middle District of Florida. Thus, the Court grants Defendant's Motion and strikes Plaintiff's "Request for Admission" which was prematurely filed prior to the parties' case management conference.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Set Aside Entry of Default (Doc. # 6) is **GRANTED.**

(2) The default entered against Defendant in this case by the Clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida (Doc. # 6-2) is hereby set aside.

(3) Defendant's Motion for a More Definite Statement (Doc. #

4) is **GRANTED**.

(4)   Plaintiff shall file an amended complaint complying with the requirements and guidelines discussed herein by July 17, 2012.  Failure to timely file an amended complaint may result in dismissal of this action without prejudice.

(5)   Defendant's Motion to Strike Plaintiff's "Request for Admission" (Doc. # 7) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of June, 2012.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record